# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00405-JCM-VCF |
| Plaintiff(s), | ORDER |
| v. | |
| JERRY LEE EDWARDS, | |
| Defendant(s). | |

Presently before the court is the government's motion for revocation of the magistrate judge's release order as to defendant. (ECF No. 10).

**I.  Facts**

On November 14, 2017, defendant was arrested for allegedly being a felon in possession of a firearm. (ECF No. 1). On December 27, 2017, defendant was indicted on the same allegation. *Id.* Edwards made an initial appearance on January 2, 2018, in front of Magistrate Judge Foley. (ECF No. 5). Magistrate Judge Foley released defendant on a personal recognizance bond. *Id.*

**II.  Legal Standard**

District courts have jurisdiction to review magistrate judge release orders. 18 U.S.C. § 3145(a). Such review is conducted *de novo*, and must be completed promptly. *See United States v. Fernandez-Alfonso*, 813 F.2d 1571 (9th Cir. 1987).

**III.  Discussion**

The government argues that defendant poses an unmitigated risk of danger to the community and poses a substantial flight risk such that he should be detained pending trial. (ECF No. 10).

**James C. Mahan**
**U.S. District Judge**

The government bears the burden of proving risk of dangerousness by clear and convincing evidence and flight by a preponderance of the evidence. *United States v. Gerbo*, 948 F.2d 1118, 1121 (9th Cir. 1991). "Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." *United States v. Santos-Flores*, 794 F.2d 1088, 1090 (9th Cir. 2014) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)).

The government argues that defendant's prior criminal history demonstrates that he poses a risk of danger to the community that cannot be mitigated through a condition or combination of conditions of supervision. *Id.* The government cites defendant's arrest record and prior felony convictions. *Id.* Importantly, the most recent felony conviction occurred in 2008, ten years ago. The motion does not cite to any convictions, felony or otherwise, within the last ten years. And while defendant's prior conviction for felon in possession of a firearm does suggest that he is aware of the law prohibiting his possession of firearms and knowingly violated it in this instance, that does not necessitate a finding that he will continue to possess a firearm now that he has been indicted for the instant offense and is on pre-trial supervision.

The government also notes defendant's felony DUI conviction, which was his third DUI offense. *Id.* However, this conviction was twelve years ago, and the government does not point to any arrests that have occurred since then. *Id.*

In sum, the government has not established by clear and convincing evidence that defendant poses a risk of dangerousness to the community while on pre-trial release.

The government also argues that defendant poses a flight risk. *Id.* The government cites defendant's history of failure to appear for criminal proceedings (he has allegedly failed to appear 15 times) and arrests for contempt of court. *Id.* The government also notes that defendant "has been known to use alias names, dates of birth, and social security numbers." *Id.* The government argues that since the defendant will likely be subject to the statutory maximum term of 120 months if convicted for the instant offense, for which the evidence weighs in favor of conviction, he poses a flight risk. *Id.*

**James C. Mahan**
**U.S. District Judge**

The government has not proven by a preponderance of the evidence that defendant poses a flight risk. Although defendant has failed to show up in court previously, the government's memorandum does not cite any specific dates on which these failures occurred. Again, the court notes that defendant's most recent conviction cited in the motion (felony or otherwise) occurred in 2008, ten years ago. Presumably, any such failure to appear occurred more than ten years ago. The government has not demonstrated by a preponderance of the evidence that defendant poses a flight risk.

The government has not met its burden of showing that revocation of the magistrate judge's release order is appropriate in this instance.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion for revocation of magistrate judge's release order (ECF No. 10) be, and the same hereby is, DENIED.

DATED January 12, 2018.

_____
UNITED STATES DISTRICT JUDGE